CIACCIO, Judge.
A jury found defendant guilty as charged of second degree murder. The court imposed the mandatory sentence of life imprisonment. Defendant appeals, relying on one assignment of error. We affirm.
Defendant assigns as error the trial court’s failure to suspend further proceedings in the prosecution after “calling defendant’s sanity into question, ordering an examination, but ... without holding a hearing to determine the defendant’s capacity.” We find that defendant mis-characterizes the nature of the trial court proceedings. Our reading of the record reveals no error.
We note at the outset that defendant does not now challenge that he had sufficient mental capacity; the crux of his complaint is that the trial court erred procedurally, albeit a procedure possessing constitutional due process dimensions. See Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), and State v. Bennett, 345 So.2d 1129 (La.1977).
After a hearing on a motion to suppress an identification, which motion the trial court denied, defense counsel stated, “We would like to ask the court at this time that Mr. Guy be submitted [to] psychiatric evaluation.” The trial judge instructed his court reporter to “take care of that,” and the minute entry reads, “Court ordered a Mental Examination to be performed and the matter is continued until the results [are] available for the Court to set a lunacy hearing.” No one directly raised the issue of defendant’s capacity to proceed, and the court did not appoint a sanity commission; nothing in the record, either directly or by implication, suggests “reasonable ground to doubt the defendant’s mental capacity to proceed.” La.C.Cr.P. Art. 643.
Apparently in response to the above-recounted actions of defense counsel and the court, a psychiatrist who works in Orleans Parish Prison submitted a written report to the court on defendant’s mental condition. This report appears in the record, alone, without any record explanation of how it got there, when it got there, who knew of its existence, who read it, who relied upon it, or what action, if any, was taken in response to it. Nevertheless, the record contains no other mention of defendant’s capacity to proceed, even though through two trials (the first ending in a hung-jury mistrial) defendant was represented by the same retained counsel and the state was represented by the same assistant district attorney who participated in the proceedings on the day of the hearing on the motion to suppress identification.
Louisiana law presumes a defendant’s sanity. La.R.S. 15:432. The defendant carries the burden of proving by a clear preponderance of the evidence that as a result of a mental disease or defect he is incompetent to proceed to trial. State v. Brown, 414 So.2d 689, 694 (La.1982); State v. Bennett, 345 So.2d at 1138. Any suggestion of procedural error in the trial court’s not appointing a sanity commission and thereafter following the procedures set out in La.C.Cr.P. Arts. 641 through 661 is overridden by a record devoid of any suggestion of a reasonable ground to doubt defendant’s mental capacity to proceed.
Absent any reasonable ground to doubt defendant’s mental capacity to proceed, the trial court was not required, either by statute or in consideration of constitutional due process, to appoint a sanity commission and to make a determination of defendant's mental capacity before permitting the prosecution to proceed. Neither the district judges (two were involved) nor the assistant district attorney raised the issue of defendant’s mental capacity to proceed. Except for the bald request for a “psychiatric evaluation”, quoted above, defendant’s trial counsel never raised the issue of defendant’s mental capacity to proceed. Defendant’s appellate counsel does not now raise the issue that defendant lacked the mental capacity to proceed, but argues for reversal of defendant’s conviction on the procedural grounds discussed. We find no error in the actions of the district court; we find no indication of a reasonable ground to have doubted defendant’s mental capacity to proceed; we find no indication that defendant was denied his right to due process and deprived of his *721 right to a fair trial because of any lacking mental capacity. We, therefore, affirm defendant’s conviction and sentence.
AFFIRMED.